UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4374

DOUGLAS MCARTHUR BETTS, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-00-93)

Submitted: November 30, 2001

Decided: December 26, 2001

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES
ROSE, Apex, North Carolina, for Appellant. John Stuart Bruce,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Winnie Jordan Reaves, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Douglas McArthur Betts, Jr., was convicted by a jury on two counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001); conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2001); attempted possession with intent to distribute at least fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841; and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841. He was subsequently sentenced to 151 months imprisonment. Finding no reversible error, we affirm Betts' convictions and sentence.

On appeal, Betts first argues that the district court erred in admitting testimony regarding certain "prior bad acts," in violation of Fed. R. Evid. 404(b). Rule 404(b) forbids admission of prior bad acts evidence to show later action in conformity therewith. This court generally reviews the district court's admission of such evidence for abuse of discretion. *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). To abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). Rule 404(b) decisions are not reversed unless they are "arbitrary or irrational." *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). We find no abuse of discretion in the court's admission of the challenged evidence.

Betts next argues that the district court abused its discretion in admitting into evidence a transcript of a tape-recorded conversation between Betts and a co-conspirator. This court reviews for abuse of discretion a district court's decision to allow a transcript to aid in the presentation of recorded evidence. *United States v. Collazo*, 732 F.2d 1200, 1203-04 (4th Cir. 1984). In reviewing the record, and particu-

larly the district court's limiting instructions to the jury, we find no abuse of discretion.

Betts also argues on appeal that the district court erred in including certain criminal acts as relevant conduct for purposes of sentencing. This court conducts de novo review of legal interpretation of the guidelines and reviews the underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Conduct not specified in the count of conviction is relevant conduct if it is part of the same course of conduct or part of a common scheme or plan. *U.S. Sentencing Guidelines* § 1B1.3(a)(2), comment. (n.9) (2000); *Williams*, 977 F.2d at 870; *United States v. McNatt*, 931 F.2d 251, 258 (4th Cir. 1991). In determining whether uncharged conduct is part of the same course of conduct or common scheme as the offense of conviction, courts look to the similarity, regularity, and temporal proximity. *Williams*, 977 F.2d at 870; *United States v. Mullins*, 971 F.2d 1138, 1143-45 (4th Cir. 1992). In light of the foregoing criteria, we find that the district court did not err in considering the challenged acts as relevant conduct for purposes of sentencing.

Additionally, Betts challenges the sufficiency of the evidence to support each conviction. This court must affirm the conviction if there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, this court views the evidence in the light most favorable to the Government and inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, this court does not review witness credibility and assumes the fact finder resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The fact finder, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different reasonable interpretations, the jury decides which to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). We have reviewed the record and we find sufficient evidence to support Betts' convictions on all five counts.

Betts also claims several instances of ineffective assistance of counsel. This court reviews claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness conclusively appears on the record. *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a post-conviction proceeding rather than in this court by direct appeal. *Id.* Finding that no ineffectiveness conclusively appears on the record, we dismiss this claim.

Last, Betts alleges that the district court erred in denying his motion for release pending appeal. Specifically, he asserts that the district court failed to state reasons for its denial. Because the applicable statutory provision mandates that Betts be detained, the district court was not compelled to state its reason for denying Betts' motion. *See* 18 U.S.C.A. § 3143(b)(2) (West 2000).

Accordingly, we affirm Betts' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*